United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lucienne Bauduy, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-60240-Civ-Scola |
| Liberty Mutual Insurance | ) | |
| Company, Defendant. | ) | |
| | ) | |

## Order Remanding Case

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Upon review of Defendant Liberty Mutual Insurance Company's notice of removal and supporting documents, the Court finds that it lacks jurisdiction to hear this case because the Defendant has failed to establish that the amount-in-controversy requirement is met.

"The existence of federal jurisdiction is tested at the time of removal," *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008), and "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411; *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

The Defendant timely removed this insurance-coverage action, claiming that the Court has diversity jurisdiction pursuant 28 U.S.C. § 1332. (Notice, ECF No. 1 at ¶ 5.) In support, the Defendant asserts the parties' diverse citizenships and that the amount-in-controversy requirement is met even though the complaint only states that the Plaintiff's claim is worth more than $15,000, exclusive of attorneys' fees, costs, and interest. (*See* Compl., ECF No. 1-2 at ¶ 1.) The Defendant argues that the amount in controversy exceeds $75,000 based on the Plaintiff's submitted damage estimates, which total $62,973.05, and the

reasonable attorneys' fees the Plaintiff could recover pursuant to Fla. Stat. § 627.428. The Defendant argues that the Plaintiff's attorneys' fees will likely exceed $23,020, not including the time necessary to prepare for or attend trial. (*Id.* at ¶ 14.) The Defendant cites to the declaration of Attorney Matthew J. Lavisky in support of its attorneys' fees calculation. (Aff., ECF No. 1-5.)

Upon review of the record and relevant legal authorities, the Court finds that the amount-in-controversy requirement has not been established. Without questioning the estimates amount totaling $62, 973.05, the Court finds that the Defendant has not established that the Plaintiff's counsel has reasonably incurred the necessary sum in attorneys' fees at the time of removal.

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount of controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Florida Statute § 627.428 unambiguously allows an insured or beneficiary who prevails in an action against an insurer for benefits to recover attorneys' fees. *See id.* This Court recently joined the district courts in this Circuit that hold that the relevant amount of attorneys' fees for jurisdictional purposes in a removal case is the amount of fees that have been incurred up to the time of removal. *See Greene v. Columbian Life Ins. Co.*, No. 18-21819-RNS, ECF No. 12.

The record does not reflect the amount of fees the Plaintiff's counsel has incurred up to the time of removal. However, Attorney Lavisky states in his affidavit that $5,500 represents the amount Plaintiff's counsel would likely settle for at this point and would represent the Plaintiff's attorney's claim "for the work done to date." (Aff., ECF No. 1-5 at ¶¶ 11, 13.) This amount plus the estimates amount totals $68,473.05—which is below the $75,000 threshold.

Even if the Court were to ignore the $5,500 amount provided by the Defendant and the Court were to only consider the "reasonable rate" of $400 per hour provided by Attorney Lavisky for the Plaintiff's counsel's work on this matter, the Court would have to assume that the Plaintiff's counsel worked over 30 hours on this matter before the time of removal to reach the amount-in-controversy amount. Based on the filings submitted, the Court cannot reasonably conclude that the Plaintiff's counsel spent more than 30 hours drafting those filings.

Accordingly, the Defendant failed to establish the necessary amount in controversy to remain in federal court. The Court therefore **remands** this case to the Circuit Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County. All pending motions are **denied as moot**. The Clerk is instructed to **close** this case and take all necessary steps to ensure prompt remand and transfer of this file. All pending motions, if any, are **denied as moot**.

**Done and ordered** in chambers in Miami, Florida, on February 4, 2019.

Robert N. Scola, Jr.
United States District Judge